# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Bankruptcy Case No. 25-16569-JGR |
| JAMES COREY GOODE, | |
| STACY HARTMAN GOODE, | Chapter 13 |
| Debtors. | |
| GAIA, INC. | Adv. Pro. No. 26-01007-JGR |
| Plaintiff, | |
| v. | |
| JAMES COREY GOODE, | |
| Defendant. | |

## AFFIDAVIT OF JOSEPH T. BERNSTEIN

STATE OF COLORADO    )
                     ) ss.
COUNTY OF DENVER     )

The Affiant, Joseph T. Bernstein, being first duly sworn, deposes as follows:

1.      I am over the age of eighteen years and of sound mind.  I make this Affidavit voluntarily, free from compulsion, with personal knowledge of the matters set forth herein.  If called to testify in Court, I will testify as set forth herein.

2.      I am, and at all pertinent times have been, an attorney for Gaia, Inc. ("Gaia"), Plaintiff in the captioned adversary proceeding.

3.      Gaia filed its Complaint on January 5, 2026.  On that same day, a copy of the Complaint, together with the Court-issued Summons and Notice to Litigants, were served upon Defendant, James Corey Goode, by first class United States mail pursuant to Fed.R.Bankr.P. 7004(b).  A Certificate of Service is filed herewith.



4.      Pursuant to Fed.R.Bankr.P. 7012, Defendant initially had until February 4, 2026 in which to answer or otherwise respond to the Complaint.  On February 3, 2026, I was contacted by Valerie Yanaros, Esq. by telephone.  Ms. Yanaros advised me that she is an attorney in Dallas, Texas, representing the Defendant in other matters.  Ms. Yanaros advised that Defendant needed additional time to retain counsel to represent him in the captioned adversary proceeding.  She requested a 14-day extension of time for Defendant to file an answer to Gaia's Complaint.  As a courtesy, Gaia agreed to Ms. Yanaros' request.  Therefore, by agreement, Defendant had until February 18, 2026 in which to file an answer to the Complaint.

5.      On February 17, 2026, I received an e-mail from Ms. Yanaros requesting an additional 14-day extension of time for Defendant to file his answer.  Again as a courtesy, Gaia agreed to the request for additional time.  A copy of my February 17-18, 2026 e-mail exchange with Ms. Yanaros is filed herewith as Exhibit 2.  Therefore, by agreement, Defendant had until March 4, 2026 in which to file an answer to the Complaint.

6.      On March 3, 2026, I received from Ms. Yanaros a third request for additional time.  Between March 3-4, 2026, I exchanged e-mails with Ms. Yanaros and Defendant's bankruptcy counsel, Craig Horvath, Esq., requesting additional information about the need for additional time.  A copy of my March 3-4 e-mail exchange with Ms. Yanaros and Mr. Horvath is filed herewith as Exhibit 3.  Gaia did not agree to any further extensions of time.

7.      All agreed-upon extensions have expired.  According to the Bankruptcy Court's docket, Defendant has not requested, and has not been granted, an extension of time to plead or otherwise defend this action.  Notwithstanding service of the Complaint, Summons and Notice to Litigants, Defendant has failed to answer or otherwise respond to the Complaint.

8.      Upon entry of the Clerk's default, Gaia shall seek default judgment by separate motion.

Further Affiant sayeth not.

Dated: March 13, 2026

_____

Joseph T. Bernstein

2