# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | |
| | Bankruptcy Case No. 25-16569-JGR |
| JAMES COREY GOODE, | |
| STACY HARTMAN GOODE, | Chapter 13 |
| Debtors. | |
| | |
| GAIA, INC. | Adv. Pro. No. 1:26-01007-JGR |
| Plaintiff, | |
| v. | |
| JAMES COREY GOODE, | |
| Defendant. | |

**DECLARATION OF JOSEPH T. BERNSTEIN IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

I, Joseph T. Bernstein, being duly sworn, do hereby depose and say:

1.      I am over the age of eighteen (18) years and believe in the obligation of an oath.

2.      I am counsel for plaintiff Gaia, Inc. ("**Gaia**") in the above-captioned adversary proceeding and as such I have personal knowledge of the facts set forth herein.

3.      James Corey Goode ("**Mr. Goode**") filed for relief under Chapter 13 of Title 11 of the United States Code on October 29, 2025.

4.      Gaia timely commenced this adversary proceeding on January 5, 2026, asserting a claim against Mr. Goode pursuant to 11 U.S.C. § 523(a)(2)(A).

5.      The Summons was issued on January 5, 2026.  On that same day, I served copies

of the Complaint, Summons and Notice to Litigants upon Mr. Goode, and his bankruptcy counsel in the Chapter 13 proceeding, by first class United States mail pursuant to Fed.R.Bankr.P. 7004(b).

6.      Pursuant to Fed.R.Bankr.P. 7012(a), Mr. Goode's answer to the Complaint was initially due to be filed on February 4, 2026.

7.      On February 3, 2026, I was contacted by an attorney in Texas, Valerie Yanaros, Esq. by telephone.  Ms. Yanaros advised me that she is an attorney in Dallas, Texas, representing Mr. Goode in other matters.  Ms. Yanaros advised that Mr. Goode needed additional time to retain counsel to represent him in the above-captioned adversary proceeding and requested a 14-day extension of time for Mr. Goode to answer or otherwise response to the Complaint.  Gaia agreed to Ms. Yanaros' request.

8.      Therefore, by agreement of the parties, Mr. Goode's deadline to answer or otherwise respond to the Complaint was extended to February 18, 2026.

9.      On February 17, 2026, I received an e-mail from Ms. Yanaros requesting an additional 14-day extension of time for Mr. Goode to answer or otherwise respond to the Complaint.  As a courtesy, Gaia again agreed to the requested extension.

10.      Therefore, by agreement of the parties, Mr. Goode's deadline to answer or otherwise respond to the Complaint was further extended to March 4, 2026.

11.      On March 3, 2026, I received a third- request from Ms. Yanaros for additional time. Subsequently, over the course of March 3-4, 2026, I exchanged emails with Ms. Yanaros and Mr. Goode's bankruptcy counsel requesting further detail regarding Mr. Goode's reason for a third extension request.  Receiving no satisfactory explanation, Gaia did not consent to Mr. Goode's third-extension request.

12.      Therefore, Mr. Goode's deadline to answer or otherwise respond to the Complaint

2

remained March 4, 2026.

13.     Mr. Goode has failed to answer or otherwise respond to the Complaint as of the date of this filing.

14.     On March 17, 2026, pursuant to Gaia's request, the Clerk of this Court entered default.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that I have examined the foregoing declaration and the statements therein, and, to the best of my knowledge, the declaration and the statements therein are true, correct and complete.

_____
Joseph T. Bernstein

3